# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DERRICK DEONDRE DANIELS, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF IOWA, <br><br> Respondent. | No. C19-2079-LTS <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

## I.   INTRODUCTION

This matter is before me on a motion (Doc. 9) by the State of Iowa (the State) to dismiss petitioner Derrick Daniels' pro se application (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254.  Daniels has filed a response.[1]  Doc. 10.  Oral argument is not necessary.  *See* Local Rule 7(c).

## II.   BACKGROUND

### A.   *State Court Conviction and Sentence*

On May 8, 2014, following a bench trial, the Iowa District Court for Black Hawk County (the district court) found Daniels guilty of (1) possession of a controlled substance (more than 50 grams of cocaine base) with intent to distribute in violation of Iowa Code § 124.401(1)(a)(3); and (2) failing to affix a drug tax stamp in violation of Iowa Code § 453B.12.  Doc. 8-4 at 142.  The Iowa Court of Appeals summarized the facts and trial proceedings as follows:

---

[1] However, his response addresses only his alleged eligibility for sentence reduction pursuant to the First Step Act (FSA), Pub. L. No. 115-391.  The FSA applies to some federal offenders.  Daniels was sentenced for violations of state law.  He is not eligible for relief under the FSA.

> On January 6, 2013, the Waterloo Police Department was conducting surveillance of certain individuals and a vehicle believed to be involved in a cocaine trafficking operation. Officer Nicholas Barry was watching the Waterloo bus station when he saw an individual, later determined to be Derrick Daniels, get off of a Trail Ways bus arriving from Chicago. He was carrying a black duffle bag and walked toward a silver SUV. The silver SUV, driven by Latosha Daniels, had also been under surveillance by the police department. Daniels was observed getting into the vehicle carrying the black duffle bag. The vehicle was later stopped, and the duffle bag was found on the passenger side of the vehicle between Daniel's [sic] feet. The bag contained what was later determined to be almost seventy grams of cocaine base or crack cocaine. There was no drug stamp affixed to the duffle bag or the crack cocaine.
>
> The silver vehicle driven by Latosha had been stopped earlier in the day and had been searched. It contained no black duffle bag at that time and had continued to be under surveillance until it was stopped after departing from the bus station. Immediately thereafter, Latosha's residence was searched. Plastic baggies, two razors, and an electronic scale were found, all items frequently used by drug dealers. A pill box bearing Derrick Daniels['] name was also found at the residence.
>
> Daniels was arrested and charged with possession of cocaine base with the intent to deliver of less than fifty grams, which was later amended to more than fifty grams, and with possession of a controlled substance with no drug stamp affixed. While in jail, Daniels initiated a conversation with Deputy Sheriff Wayne Sidles in which Daniels stated he brought the "stuff" back for "Big Wil" and indicated he wanted to cut a deal but terminated the conversation by indicating he wanted to talk to an attorney.
>
> Daniels waived his right to a jury and stood trial before the court. Officer Joshua Zubak, a Waterloo police officer knowledgeable about the drug scene in Waterloo, testified that seventy grams of crack cocaine was not consistent with the amount ordinarily possessed by a user. He further testified that seventy grams of crack in Waterloo would sell for about $100 per gram or $7000.

*Daniels v. State*, 949 N.W.2d 443 (Table), 2020 WL 4201236, at *1 (Iowa Ct. App. July 22, 2020) (quoting *State v. Daniels*, 888 N.W.2d 680 (Table), 2016 WL 5408279, at *1 (Iowa Ct. App. Sept. 28, 2016)). The district court sentenced Daniels to indeterminate terms of imprisonment of up to 50 years on the controlled substance charge and five years

on the drug tax stamp charge, to run concurrently. Doc. 8-4 at 173. Daniels must serve at least one-third of the 50-year sentence. *Id.* at 174.

## B.     *Direct Appeal*

Daniels appealed, claiming: "(1) insufficiency of the evidence to support conviction; (2) the sentence violated the clauses of the state and Federal Constitutions prohibiting cruel and unusual punishment; and (3) the sentence imposed violated the Equal Protection Clause of both the state and Federal Constitution." *State v. Daniels*, 888 N.W.2d 680 (Table), 2016 WL 5408279, at *2 (Iowa Ct. App. Sept. 28, 2016); *see also* Doc. 8-4 at 178; Doc. 8-5. The Iowa Court of Appeals affirmed. 2016 WL 5408279, at *2–4. Daniels applied to the Iowa Supreme Court for further review. Doc. 8-9. The Iowa Supreme Court denied the application as untimely. Doc. 8-10.

## C.     *First PCR Application*

In February 2017, Daniels applied for post-conviction relief (PCR) in the district court, arguing ineffective assistance of trial counsel. Doc. 8-12 at 14–19. Specifically, Daniels alleged that his trial counsel (1) failed to pursue a motion to suppress evidence obtained through the vehicular search, (2) failed to adequately advise him on his decision to waive his jury trial rights and (3) failed to independently test the controlled substance found in the bag. *Id*.

The district court denied the application. *Id.* at 20–26. Daniels appealed, raising only a new argument that "his postconviction counsel was ineffective for failing to argue his trial counsel should not have withdrawn a motion to suppress his inculpatory statements." *Daniels v. State*, 922 N.W.2d 104 (Table), 2018 WL 3301826, at *1 (Iowa Ct. App. July 5, 2018); *see also* Doc. 8-13. The Iowa Court of Appeals affirmed, finding Daniels could not establish the prejudice prong of an ineffective assistance of counsel claim premised on this evidence's admission. *Daniels v. State*, 922 N.W.2d 104 (Table), 2018 WL 3301826, at *2 (Iowa Ct. App. July 5, 2018) ("[E]ven assuming Daniels's

3

inculpatory statements were suppressed, there is no reasonable probability that he could prevail with the extensive evidence of Daniels's guilt properly admitted into the evidence."). There is no indication Daniels sought further review by the Iowa Supreme Court. Procedendo issued on August 13, 2018. Doc. 8-16.

## D. Second PCR Application

Daniels filed a second PCR application in May 2018, raising the following claims:

> [T]he district court abused its discretion by allowing his statements to Deputy Sidles to be admitted because the State had not provided the videotape to defense counsel before trial. Daniels further argued his trial counsel was ineffective for failing to move for a mistrial once the district court admitted his statements, and appellate and first PCR counsel were also ineffective for failing to argue trial counsel had been ineffective for that omission. He also argued his due-process rights were violated by admission of the video.

*Daniels v. State*, 949 N.W.2d 443 (Table), 2020 WL 4201236, at *2 (Iowa Ct. App. July 22, 2020); *see also* Doc. 8-17 at 6–12. Daniels supplemented his allegations by arguing that his sentence was illegal, that it violated state and federal double jeopardy protections and that the statements he made to Sidles were involuntary. *Id.* at 85. The district court dismissed the application, finding the grounds raised had either been finally adjudicated or procedurally defaulted. *Id.* at 84–85.

Daniels appealed, raising only the argument that "prior appellate and first PCR counsel were ineffective in failing to raise a due-process challenge related to the admission of the video recording in which Daniels made incriminating statements." 2020 WL 4201236, at *3. The Iowa Court of Appeal rejected this argument, stating:

> The issue raised in this appeal was finally adjudicated on appeal in Daniels's first PCR application. On appeal in the first PCR action, our court clearly ruled Daniels could not prevail on his claim of ineffective assistance of counsel related to admission of the video recording containing Daniels's incriminating statements because Daniels could not meet the prejudice prong of an ineffective-assistance-of-counsel claim.

4

*Id*. Daniels applied to the Iowa Supreme Court for further review. That application remains pending. Doc. 8-22.

## E.  *Federal Habeas Petition*

Daniels mailed his habeas petition (Doc. 1) to the United States District Court for the Southern District of Iowa on December 18, 2019. On December 20, 2019, that court transferred the petition to this court. Doc. 4. In his petition, Daniels appears to raise five[2] distinct claims: (1) abuse of discretion by the district court; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) ineffective assistance of his first PCR counsel; and (5) cruel and unusual punishment. The first four claims are intertwined, as they all relate to the admission into evidence of a video recording containing inculpatory statements Daniels made to Sidles. Daniels alleges the district court abused its discretion in admitting the recording and that his trial counsel was ineffective for failing to move to suppress the evidence and failing to move for a mistrial upon its admission. Daniels alleges his appellate counsel and first PCR counsel were ineffective for failing to argue that the admission of this evidence should have led to a mistrial.

In an initial review order (Doc. 6), I directed the State to file a limited response or dispositive motion addressing whether Daniels' petition is timely and whether Daniels properly exhausted his claims. The State then filed its present motion to dismiss, stating

---

[2] The precise number of claims Daniels intends to present for federal habeas review is not clear. As one ground for review, he lists cruel and unusual punishment and ineffective assistance of trial and PCR counsel. Doc. 1 at 5. He then includes ineffective assistance of counsel as a separate ground, accompanied by an asterisk. *Id*. at 8. The asterisk references pages attached to the application containing arguments he labels as grounds raised in his second PCR application: abuse of discretion by the district court and ineffective assistance of trial, appellate and PCR counsel. *Id*. at 16–21. It is not clear whether he raises those grounds for federal review or to provide the court context as to the contents of his second PCR application. Out of an abundance of caution, I will review all five of the distinct claims I identify in the petition and its attachment.

that the petition is timely but contending that it contains no properly exhausted claim and proper exhaustion is not possible.  Doc. 9-1 at 4, 6.

### III. MOTION TO DISMISS STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

Courts assess "plausibility" by "'draw[ing] on [our own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937). Courts "review the plausibility of the plaintiff's

6

claim as a whole, not the plausibility of each individual allegation." *Id.* (citation omitted). While factual plausibility is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable legal theory, such as failure to comply with the applicable statute of limitations or procedural requirements. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014). In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## IV. ANALYSIS

### A. *Habeas corpus standards*

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). However, 28 U.S.C. § 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Section 2254(a) provides that a federal court shall

entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Daniels alleges violations of the Fifth,[3] Sixth and Eighth Amendments. *See* Doc. 1.

A federal court's review of a state court decision under § 2254 is deferential. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). A state court decision on the merits should not be overturned unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner must also comply with procedural rules. First, a statute of limitations applies to habeas petitions: "The law gives a petitioner a one-year period . . . to file a federal petition for a writ of habeas corpus." *Harper v. Dahm*, No. 4:16-CV-530-JEG, 2017 WL 11478024, at *3 (S.D. Iowa Sept. 21, 2017) (citing 28 U.S.C. § 2244(d)(1)); *see also Yates v. Wachtendorf*, 418 F. Supp. 3d 376, 392–93 (N.D. Iowa 2019). Second, a petitioner must exhaust his federal claims in the state courts:

> A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appellate argument.

---

[3] Daniels does not make this express in his petition but he has previously alleged that the inculpatory statements he made to Sidles were involuntary and elicited in violation of his Miranda rights. *See* Doc. 8-13 at 9–10.

8

*Bright v. Burt*, No. C09-0043-LRR, 2009 WL 1240119, at *2 (N.D. Iowa May 4, 2009) (citations and footnotes omitted); *see also Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010) ("Therefore, an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.").

A petitioner can technically exhaust his claims but still procedurally default on them, precluding federal habeas review except in rare circumstances:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief unless it appears that the applicant has exhausted the remedies available in the courts of the State. Because this requirement refers only to remedies still available at the time of the federal petition, it is satisfied if it is clear that the habeas petitioner's claims are now procedurally barred under state law. However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

*Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (cleaned up); *cf. Craft v. Iowa*, No. C13-117-EJM, 2015 WL 1304435, at *3 (N.D. Iowa Mar. 23, 2015) ("Craft has technically exhausted his state court remedies, but he has not done so properly and his claims are procedurally defaulted.") (citing *Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003)).[4]

---

[4] *See also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("The exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law."); *Johnson v. Fayram*, No. C14-40-LRR, 2015 WL 6595127, at *6 (N.D. Iowa Nov. 7, 2016) ("The rule that certain state court procedural defaults will bar a petition for federal habeas corpus extends to procedural defaults occurring in the course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts.") (quoting *Kilmartin v. Kemna*, 253 F.3d 1087, 1087 (8th Cir. 2001)).

The State acknowledges that Daniels' petition is timely but argues that the claims it presents were not properly exhausted. Assuming without deciding that the petition is timely, I will evaluate whether Daniels has exhausted each claim. "Exhaustion is determined on a claim-by-claim basis." *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005); *cf. Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("Only individual *claims*, and not the application containing those claims, can be procedurally defaulted under state law . . . .") (emphasis in original).

### B. Daniels' claims

#### i. Abuse of discretion by the district court

Daniels alleges the district court abused its discretion in admitting into evidence a video recording containing inculpatory statements. Doc. 1 at 16. Daniels first raised this as a ground for relief in his second PCR application. Doc. 8-17 at 7–9. Iowa law bars PCR applicants from raising claims they failed to raise on direct appeal unless they demonstrate a sufficient reason for the failure. *See* Iowa Code § 822.8;[5] *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Ineffective assistance of appellate counsel, which Daniels does allege, may constitute a sufficient reason. *Ledezma*, 626 N.W.2d at 141. However, Daniels' ineffective assistance allegation is vague and conclusory. Further, as discussed above, he cannot establish the prejudice prong of an ineffective assistance claim premised on an alleged failure to challenge this admission of this

---

[5] Iowa Code § 822.8 provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

evidence. *Daniels*, 2018 WL 3301826, at *2. Daniels has failed to provide a sufficient reason for failing to raise this claim on direct appeal.[6]

Daniels now lacks any state law remedy for further pursuing this claim. He abandoned it in his appeal from the district court's denial of his second PCR application and Iowa Code § 822.8 bars additional PCR applications raising the claim. Because he exhausted this claim improperly—by failing to present it to the Iowa Supreme Court for substantive review[7]—this claim is procedurally defaulted. *Welch*, 616 F.3d at 760 ("But [the petitioner] has not exhausted [state-law remedies] properly; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted.").

Procedural default pursuant to an independent and adequate state procedural rule, such as Iowa Code § 822.8,[8] precludes federal habeas review unless Daniels can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a

---

[6] Including the claim for the first time as part of his second PCR application was also improper because he omitted it from his first PCR application. *See Craft v. Iowa*, No. C13-117-EJM, 2015 WL 1304435, at *3 (N.D. Iowa Mar. 23, 2015) ("Craft cannot raise the issue in a subsequent application for postconviction relief because he failed to raise it in his first application.").

[7] To have exhausted properly, Daniels must have "fairly presented the substance of the claim to the state courts." *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997). State courts should have a "fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim . . . ." *Wemark*, 322 F.3d at 1020–21 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)) (internal quotation marks omitted) (alteration in original). Daniels abandoned the claim in appealing his second PCR application's denial and, as explained, he has procedurally defaulted on the claim per Iowa Code § 822.8. Presenting the Iowa Supreme Court with procedurally defaulted claims does not provide it a "fair opportunity" for review. *Id.*

[8] *See Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) ("[Iowa's] limitations on successive petitions are adequate and independent state-law grounds preventing federal habeas review unless [the habeas petitioner] can show cause and prejudice for his default.") (citing *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), *cert. denied*, 517 U.S. 1172 (1996)).

fundamental miscarriage of justice. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Daniels' pleadings only provide conclusory allegations of cause.[9] Thus, even assuming Daniels exhausted this claim, he did so improperly and the claim is procedurally defaulted.

### ii. *Ineffective assistance of trial counsel*

Daniels alleges ineffective assistance of trial counsel concerning the admission into evidence of the video recording containing his inculpatory statements. He raised an ineffective assistance of trial counsel claim in his first PCR application. Doc. 8-12 at 17. In his second PCR application, he raised the same grounds of ineffective assistance of trial counsel claim that he now presents for federal habeas review. Doc. 8-17 at 10. Iowa law bars PCR applicants from raising claims they failed to raise on direct appeal

---

[9] Ineffective assistance of counsel at some stages of litigation may constitute cause. *See, e.g.*, *Martinez v. Ryan*, 566 U.S. 1, 11 (2012). But not only are Daniels' ineffective assistance claims conclusory, he has procedurally defaulted on them. *See* discussion *infra* at 12–16; *see also Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding "that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). Defaulting on an ineffective assistance claim without excuse means the underlying claims are also defaulted. *See Deck v. Jennings*, 978 F.3d 578, 582 (8th Cir. 2020) ("And if trial counsel's ineffectiveness is defaulted without excuse, then so are Deck's underlying Eighth and Fourteenth Amendment claims.") (citing *Edwards*, 529 U.S. at 452–53).

In short, Daniels provides only a conclusory allegation of cause. He also fails to make any of the following arguments that could excuse default:

> [T]hat enforcing the procedural default rule would result in "a miscarriage of justice" by denying relief to a prisoner who is "actually innocent," *see Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), that Iowa's procedural requirement is not firmly established and regularly followed, *see James v. Kentucky*, 466 U.S. 341, 348, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984), or that the state ground is otherwise inadequate. *See Lee v. Kemna*, 534 U.S. 362, 376, 122 S. Ct. 877, 151 L. Ed. 2d 820 (2002).

*Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010).

unless they demonstrate a sufficient reason for the failure. *See* Iowa Code § 822.8; *Ledezma*, 626 N.W.2d at 141.

Despite Daniels' failure to raise any claim of ineffective assistance of trial counsel on direct appeal, the district court reached the merits of those grounds that Daniels included in his first PCR application, ultimately denying them. Doc. 8-12 at 22–26. Daniels then abandoned his ineffective assistance of trial counsel claim on his first PCR appeal, instead raising only an issue as to ineffective assistance of PCR counsel. Doc. 8-13. In ruling on Daniels' second PCR application, the district court denied his ineffective assistance of trial counsel claim on procedural grounds and Daniels abandoned it on appeal. Doc. 8-17 at 84–85; Doc. 8-18.

Daniels now lacks state-law remedies for further pursuing his ineffective assistance of trial counsel claim. He abandoned that claim during his first PCR appeal and Iowa Code § 822.8 bars additional PCR applications concerning them. Because he exhausted his ineffective assistance of trial counsel claim improperly—by failing to present it to the Iowa Supreme Court for substantive review—it is procedurally defaulted. *Welch*, 616 F.3d at 760 ("But [the petitioner] has not exhausted [state-law remedies] properly; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted.").

Procedural default pursuant to an independent and adequate state procedural rule, such as Iowa Code § 822.8, precludes federal habeas review unless Daniels can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750. As discussed, Daniels' pleadings only provide conclusory allegations of cause. Thus, even assuming Daniels exhausted his ineffective assistance of trial counsel claim, he did so improperly and that claim is procedurally defaulted.

### iii.     *Ineffective assistance of appellate counsel*

Daniels alleges his appellate counsel provided ineffective assistance by failing to challenge the admission of certain inculpatory statements into evidence. He first raised this claim in his second PCR application. Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental or amended applications unless they provide sufficient reason for failing to do so. *See* Iowa Code § 822.8. Ineffective assistance of PCR counsel, which Daniels alleges, may constitute such a reason. *Collins v. State*, 588 N.W.2d 399, 403 (Iowa 1998). However, Daniels' ineffective assistance of appellate counsel allegation is conclusory and, as discussed, he cannot establish the prejudice prong of an ineffective assistance claim premised on an alleged failure to challenge this evidence's admission. *Daniels*, 2018 WL 3301826, at *2. Daniels thus does not provide a sufficient reason and improperly included this ground in his second PCR application. *Cf. Craft*, 2015 WL 1304435, at *3 ("Craft cannot raise the issue in a subsequent application for postconviction relief because he failed to raise it in his first application.").

Daniels now lacks state-law remedies for further pursuing the claim's merits, as the district court denied it on procedural grounds and the Iowa Court of Appeals affirmed. Doc. 8-18 at 84–85; *Daniels*, 2020 WL 4201236, at *3. The fact that Daniels has sought further review by the Iowa Supreme Court does not change the analysis, as that Court will not have the opportunity to substantively review the ineffective assistance of appellate counsel claim. *See* discussion *supra* at 11 n.7. And, of course, Iowa Code § 822.8 bars additional PCR applications concerning the claim.

Because Daniels exhausted his ineffective assistance of appellate counsel claim improperly—by failing to present it to the Iowa Supreme Court for substantive review—it is procedurally defaulted. *Welch*, 616 F.3d at 760 ("But [the petitioner] has not exhausted [state-law remedies] properly; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted."). Procedural default pursuant to an independent and adequate state procedural rule, such as Iowa Code § 822.8, precludes federal habeas review unless Daniels can demonstrate cause for the

14

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750. As discussed, Daniels' pleadings provide only a conclusory allegation of cause. Thus, even assuming Daniels exhausted his ineffective assistance of appellate counsel claim, he did so improperly and that claim is procedurally defaulted.

### iv.     *Ineffective assistance of PCR counsel*

Daniels alleges his first PCR counsel provided ineffective assistance by failing to challenge the admission of certain inculpatory statements into evidence. He first raised this claim in appealing the district court's denial of his first PCR application. Doc. 8-13. The Iowa Court of Appeals reached the claim's merits and found Daniels could not show his counsel's alleged ineffective assistance prejudiced him. *Daniels*, 2018 WL 3301826, at *2. There is no indication Daniels applied to the Iowa Supreme Court for review. Daniels again raised this claim in his second PCR application. Doc. 8-17 at 6–12. The district court dismissed it, *id.* at 84–85, and the Iowa Court of Appeals again rejected it, citing its previous ruling in conjunction with Iowa Code § 822.8's bar on pursuing adjudicated claims in successive PCR applications. *Daniels*, 2020 WL 4201236, at *3.

Daniels now lacks state-law remedies for further pursuing the claim's merits, as the district court denied it on procedural grounds and the Iowa Court of Appeals affirmed. Doc. 8-18 at 84–85; *id.* The fact that Daniels has sought further review by the Iowa Supreme Court does not change the analysis, as that Court will not have the opportunity to substantively review the ineffective assistance of PCR counsel claim. *See* discussion *supra* at 11 n.7. Moreover, Iowa Code § 822.8 bars additional PCR applications concerning the claim because the Iowa Court of Appeals provided a final adjudication of its merits in 2018. *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009)

("[Section 822.8] is 'clear and unambiguous . . . Relitigation of previously adjudicated issues is barred.'") (quoting *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971)).

Because Daniels exhausted his ineffective assistance of PCR counsel claim improperly—by failing to present it to the Iowa Supreme Court for substantive review—it is procedurally defaulted. *Welch*, 616 F.3d at 760 ("But [the petitioner] has not exhausted [state-law remedies] properly; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted."). Procedural default pursuant to an independent and adequate state procedural rule, such as Iowa Code § 822.8, precludes federal habeas review unless Daniels can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750. As discussed, Daniels' pleadings provide only a conclusory allegation of cause. Thus, even assuming Daniels exhausted his ineffective assistance of PCR counsel claim, he did so improperly and that claim is procedurally defaulted.

### v. *Cruel and unusual punishment*

Daniels alleges his sentence constitutes cruel and unusual punishment. Daniels raised this claim on direct appeal. After the Iowa Court of Appeals found the sentence did not constitute cruel and unusual punishment, Daniels failed to timely apply to the Iowa Supreme Court for review. Daniels lacks state-law remedies for further pursuing this claim, as his appeal rights are extinguished and Iowa Code § 822.8 bars pursuing it in a PCR application because the Iowa Court of Appeals provided a final adjudication of its merits on direct appeal. *Holmes*, 775 N.W.2d at 735 ("[Section 822.8] is 'clear and unambiguous . . . Relitigation of previously adjudicated issues is barred.'") (quoting *Wetzel*, 192 N.W.2d at 764).

Because Daniels exhausted his cruel and unusual punishment claim improperly—by failing to present it to the Iowa Supreme Court for substantive review—it is

16

procedurally defaulted. *Welch*, 616 F.3d at 760 ("But [the petitioner] has not exhausted [state-law remedies] properly; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted."). Procedural default pursuant to an independent and adequate state procedural rule, such as Iowa Code § 822.8, precludes federal habeas review unless Daniels can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750. As discussed, Daniels' pleadings provide only a conclusory allegation of cause. Thus, even assuming Daniels exhausted his cruel and unusual punishment claim, he did so improperly and that claim is procedurally defaulted.

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749, 759 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Similarly, when a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

17

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find Daniels failed to make the requisite "substantial showing" with respect to his § 2254 petition. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Because he does not present a question of substance for appellate review, a certificate of appealability will not issue. If Daniels desires further review of his § 2254 petition, he may request the issuance of the certificate of appealability by a circuit judge of the United States Court of Appeals for the Eighth Circuit in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

## *VI. CONCLUSION*

As explained herein, each claim asserted in Daniels' petition (Doc. 1) under 28 U.S.C. § 2254 has been procedurally defaulted. As such, the State's motion (Doc. 9) to dismiss for failure to state a claim is **granted**. The petition (Doc. 1) is **denied** and this action is **dismissed with prejudice**. A certificate of appealability shall not issue.

**IT IS SO ORDERED.**
**DATED** this 4th day of January, 2021.

_____
Leonard T. Strand, Chief Judge